FULWILER ELECTRIC CO. v. FINANCE CORPORATION OF ILLINOIS et al. (No. 951.)

(Court of Civil Appeals of Texas. El Paso. April 3, 1919.)

BILLS AND NOTES ☞135—ATTORNEY'S FEES— TRANSFER OF NOTES.

Where a chattel mortgagee indorsed and transferred the notes secured by the mortgage, it was obligated, as indorser, to pay the face value thereof and no more, and, in a suit against it by the transferee was not liable for attorney's fees provided for only in the mortgage.

Appeal from District Court, Taylor County; Joe Burkett, Judge.

Suit by the Finance Corporation of Illinois against the Fulwiler Electric Company and another. From judgment for plaintiff, defendant named appeals. Reversed and rendered.

C. H. Fulwiler, of Abilene, for appellant.
Ben L. Cox, Stinson, Chambers & Brooks, and D. M. Oldham, Jr., all of Abilene, for appellee.

HARPER, C. J. The Finance Corporation of Illinois filed this suit against G. A. Owens and the Fulwiler Electric Company on ten promissory notes, and for foreclosure of mortgage, alleging that the notes were executed by Owen to the Fulwiler Electric Company and by it sold upon the open market for value before maturity, and indorsed in blank; that Owen executed a chattel mortgage upon a motor truck to secure their payment; that the mortgage lien was also transferred to plaintiff; that said mortgage provided that, should it become necessary to bring suit to enforce payment of any unpaid installment, Owen agreed to pay a reasonable attorney's fee.

Fulwiler Electric Company answered by admitting the indorsement and sale of the notes and transfer of the lien, and further specially pleaded that it had satisfied the notes in full to plaintiff, and has plaintiff's release of the debt, and that the mortgage lien had been transferred back to it, and that

it was then the legal owner and holder of the notes and lien; that at the time the notes sued on were executed defendant Owen executed three other notes to it, with lien upon same truck, and which provided for 10 per cent. attorney's fees. Prayed for judgment for the amount of all notes interest, and an attorney's fee of $100 as provided in the mortgage against Owens, alleging that amount to be reasonable and attorney's fees on other notes and foreclosure of the lien.

Owen's defense is that the truck was warranted for a certain purpose, and that it was found to be unfit for that purpose; that it was returned to appellant with the understanding that if it was placed in condition to do the work for which it was purchased he would again take it and pay the balance due, but thereafter appellant sold it, thereby converting it to its own use and waiving the right to collect the notes, etc.

By supplemental petition appellee alleged that since filing the suit Fulwiler Electric Company had paid $850 on the notes, leaving a balance of $75 due; admitted that it had executed a release, but that it was not to cover or release any balance due, and that it was accepted with that understanding.

The case was tried without a jury, and judgment was rendered for plaintiff against Fulwiler Electric Company for $75 as attorney's fees, and in favor of Owen, in that neither party plaintiff recover anything against him. From which Fulwiler Electric Company has appealed.

The trial court made the following findings of fact, applicable to the points presented here: That Owen executed the notes payable to Fulwiler Electric Company, as a part of the purchase price of the truck mentioned, and the mortgage to secure them; that the latter company indorsed the notes in blank, and sold them to Finance Corporation of Illinois for value before maturity; that the notes were due prior to the date this suit was filed; that the notes were placed in the hands of Ferguson for collection; that he was attorney for the plaintiff corporation; and that he placed them in the hands of Attorney Cox, who filed this suit on them; that after this suit was filed the Fulwiler Company paid plaintiff $850, being practically all that was then due on them, and that they were transferred back to appellant; that Owens took the truck to Fulwiler Electric Company, to be put in good repair, with the instruction that if not put in good repair it became the property of the company; that thereafter the said company sold it to one Cutbirth; that no credit was given Owens.

The first assignment urges that, there being no provision for attorney's fee in the notes, and no agreement therefor, appellee was not entitled to recover a fee because it was stipulated for in the mortgage alone.

This is well taken; the obligation to pay attorney's fee was in the mortgage executed by Owens, and by the indorsement of the notes by appellant it was obligated to pay the face value thereof, and no more. The notes were paid by it, and plaintiff assigned them and the mortgage lien back to appellants, so if plaintiff had any cause of action for attorney's fees it (the right) passed with the notes and mortgage back to appellant. Chicago Cottage Organ Co. v. Waddell, 35 S. W. 408.

By another assignment it is urged that the court erred in rendering judgment against appellant and in favor of defendant Owen, because contrary to the evidence and law, etc. Without quoting it, we find that the evidence amply supports the defenses pleaded, and consequently the judgment entered in this respect. This assignment is for that reason overruled.

The judgment of the trial court for $75 attorney's fee is reversed and rendered for appellant, and judgment otherwise affirmed at cost of Finance Company of Illinois.

Reversed and rendered.